# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50359 | **DATE** | 6/1/2012 |
| **CASE TITLE** | Kaplan vs. Tegrant Corporation | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to transfer this case to the Eastern Division of the United States District Court for the Northern District of Illinois is granted.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Steven R. Kaplan, brought this action against defendant, Tegrant Corp., in the Circuit Court for McHenry County, Illinois. Defendant removed to this court based on federal question jurisdiction, 28 U.S.C. § 1331, because this is an ERISA case. Because McHenry County is in the Western Division of this court, the case was assigned here on removal. Defendant now moves, under 28 U.S.C. § 1404 (b), to transfer the case to the Eastern Division. Plaintiff has not filed any response to the motion to transfer.

A motion to transfer under section 1404 (a) or (b) is subject to the same analysis. <u>Kramer v. Daimler Chrysler Motors Co.</u>, No. 08 C 2611, 2008 WL 4542654 (N.D. Ill. Jul. 22, 2008) (Moran, J.) An action may be transferred for the convenience of the parties to any other district or division where it might have been brought. 28 U.S.C. § 1404 (a). ERISA provides that an action may be brought "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132 (e) (2). Defendant states it "may be found" in both the Eastern and the Western Divisions of this district. Its headquarters are in the Western Division, it has an operating subsidiary headquartered in the Eastern Division and transacts business in both divisions. These are sufficient minimum contacts for defendant to be found in both divisions. See <u>Waeltz v. Delta Pilots Ret. Plan</u>, 301 F.3d 804, 810 (7th Cir. 2002).

In determining whether transfer is appropriate for the convenience of the parties and the witnesses the court looks to "(a) the plaintiff's choice of forum, (b) the situs of the material events, (c) the relative ease of access to sources of proof, (d) the convenience of the parties, and (e) the convenience of the witnesses." <u>Plotkin v. IP Axess, Inc.</u>, 168 F. Supp.2d 899, 902 (N.D. Ill. 2001) (Alesia, J.)

Plaintiff filed this action in state court. Defendant removed it. Plaintiff did not choose this forum but only ended up here because defendant exercised its right to removal. Plaintiff lives in Tennessee so the Western Division is not plaintiff's home forum. This factor is neutral in the transfer decision.

The situs of material events and relative ease of access to the sources of proof factors are also neutral in the transfer decision. The key events occurred in Pennsylvania, Arlington Heights and DeKalb. Arlington Heights is in the Eastern Division and DeKalb is in the Western Division.

## STATEMENT - OPINION

    The convenience of the parties favors transfer. Plaintiff lives in Tennessee and defendant's primary representative and key witness, Leslie K. Dean, lives near Pittsburgh, Pennsylvania. There is no direct air service between Nashville or Pittsburgh and Rockford. Direct flights are available from both locations to Chicago.

    The convenience of the witnesses also favors transfer. Only one identified potential witness, Phil Amberg, is located in the Western Division. The other identified potential witnesses are located as follows: Ron Haub (Arlington Heights), Tom LaGrassa (Colorado Springs), Lauren Donstow (Arlington Heights), Patrick McGrath (Massachusetts), Ken Harris (Deerfield, Illinois), and Mort Rosen (whereabouts unknown). Most of the witnesses are either located in the Eastern Division or in places from which air travel will be easier to Chicago than to Rockford.

    Plaintiff has not filed any response in opposition to the transfer motion. If he had reasons to oppose the transfer he would have raised them in a response.

    For the foregoing reasons, defendant's motion to transfer this case to the Eastern Division of the United States District Court for the Northern District of Illinois is granted.